HARRY C. DEES, JR., JUDGE, UNITED STATES BANKRUPTCY COURT
*862 Now before the court is the objection of chapter 7 trustee Jacqueline Sells Homann (Homann) to an exemption claimed by the debtor Antoinette L. Anderson (Anderson) for Notre Dame football season tickets. Anderson argues a ticket is a tangible asset that is exempt under Indiana law. Homann's position is that football tickets are an intangible asset not subject to an exemption claim for tangible property. The resolution of Homann's objection turns on whether, under Indiana law, football tickets are tangible or intangible assets. At the hearing on Homann's objection, the court noted this issue is a question of first impression and directed the parties to file briefs. Having considered the parties' briefs, the court now issues this decision.
Findings of Fact
As a benefit of her status as an employee of the University of Notre Dame, Anderson purchased season football tickets at a price that is lower than that paid by other entities. She made this purchase several weeks before she filed her bankruptcy case. Anderson lists these tickets as an asset in her response to question 53 on her Amended Schedule A/B: Property. She values the tickets at the amount she paid, $1,100.00. On her Schedule C Anderson also claims the tickets are tangible personal property that is exempt, citing I.C. § 34-55-10-2(c)(2).[1] As of the date she filed for relief under chapter 7, Anderson did not have physical possession of the tickets.
Homann's objection to Anderson's claimed exemption argues that the Notre Dame football tickets are intangible assets, and the Indiana exemption statute Anderson relies upon is inapplicable.[2] Homann asks this court to disallow Anderson's claimed tangible personal property exemption for her football tickets.
Discussion
This court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334, and Northern District of Indiana Local Rule 200-1. The court has determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(B).
The parties have not questioned whether the football tickets are property of Anderson's bankruptcy estate. Rather, the controversy centers on whether the nature of that property is tangible or intangible, and flowing from this whether Anderson's interest in it may be exempted from her bankruptcy estate. When it comes to property, federal bankruptcy law relies on state law. As noted by Justice Stevens in Butner v. United States , 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is *863 no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."
To resolve this question the court must look to Indiana law. Initially the distinction between tangible and intangible personal property appears straightforward. As a starting point, the court notes that colloquial usage of the term "tangible personal property" is generally understood to refer to property that can be touched or felt. Clearly items such as jewelry, furniture, vehicles, and artwork are examples of tangible personal property. These items can be touched and have some intrinsic value or worth. In the vernacular, "intangible personal property" calls to mind something of value that cannot be touched or held, such as a trademark, a copyright, a patent, or other intellectual property rights. A copyright, for example, derives its value not from the paper the work is printed on, but from the nature of the work itself. A book has its own independent value as an item of tangible property. Similarly a violin concerto is intangible while a violin is tangible.
Upon closer analysis, however, the specific question here, whether Notre Dame football season tickets are tangible or intangible property, is not so clear cut. In their briefs and arguments before the court neither Anderson nor Homann have pointed to any case that directly addresses whether a ticket (football or otherwise) is tangible or intangible property for purposes of claiming an exemption in Indiana. The court has also been unable to discover any discussion of this particular subject in either case law or legislative materials.
Anderson argues the football season tickets at issue here should be considered tangible personal property. She notes a ticket can be physically possessed and held. She argues tickets are tangible, citing Maurer v. Indiana Department of State Revenue , 607 N.E.2d 985 (Ind. Tax 1993) and Indiana Waste Systems v. Indiana Department of State Revenue , 633 N.E.2d 359 (Ind. Tax 1994). Mauer held the winner of a charity raffle is not liable for sale or use tax on the prize received or on the purchase of the ticket providing a chance to win the raffle. Indiana Waste involved a claim for a refund of sales or use tax. The court finds this reliance misplaced. Whether or not property or a transaction is subject to taxation is fundamentally different from the question before this court concerning exemptions. Taxation is a mechanism employed by Indiana to generate revenue to fund governmental operations and services. Exempt property serves an entirely different purpose. The Indiana General Assembly established exemptions as a method to enable a debtor to protect some assets from the reach of creditors.[3] In a bankruptcy context, exempt property provides a debtor the ability to enjoy the fresh financial start that a discharge creates.
Homann has referenced two cases to support her view that football season tickets are intangible personal property in Indiana, Levin v. Dare , 203 B.R. 137 (S.D. Ind. 1996), and In re Oakley , 344 F.3d 709 (7th Cir. 2003). The subject in both of these case was whether cash or currency possessed by a debtor could be exempted from a debtor's bankruptcy estate. In Dare the court observed
*864 Currency seems to straddle this divide [the distinction between tangible and intangible property] in the law, for it has some characteristics of both tangible and intangible property, and the law treats it as different types of property for different purposes.
Dare , 203 B.R. at 145. The court in Dare ultimately resolved the issue before it by following Indiana's policy to construe exemption statutes liberally. The Dare court found it should treat cash as tangible personal property. Id. , at 146. Although this court concurs that it should interpret exemption statutes favorably toward debtors, it does not agree that the necessary comforts of life include football tickets.
Subsequent to the decision in Dare , the Seventh Circuit considered the same question in Oakley . In interpreting the Indiana exemption statute as it applies to cash, the Seventh Circuit classified cash as intangible property. As noted by Judge Posner with respect to cash in Oakley,
The key to a sound interpretation of the words "tangible" and "intangible" in the Indiana debtor-exemptions statute lies in the legislature's purpose, so far as that can be inferred, in making the respective exemptions of such different size. Why would Indiana allow 40 times as great an exemption for tangible property as for intangible property? The answer probably is that Indiana doesn't want the creditor to be able to take away all the debtor's clothes, dishes, towels, toilet paper, appliances, work tools, and furniture, as that would make it almost impossible for him to function; $4000 is a very modest estimate of the amount of tangible property that a person needs to survive as a self-respecting citizen rather than as a beggar or a derelict.[4]
Id. at 712.
In Oakley the Seventh Circuit held that although currency is tangible in the literal sense, it is nonetheless an intangible asset in Indiana for exemption purposes. Id. at 713. The court finds this guidance is persuasive in assessing the question before it. Like currency, tickets have no inherent or intrinsic value in and of themselves.[5] Any value comes from the ability to use the ticket for admission to an event,[6] just as the value in cash stems from the ability to exchange cash for useful goods. If not for the license the football ticket grants its holder to enter an event venue, a football ticket has no more inherent value than any other scrap of paper.[7] While in another *865 context and for a different purpose football tickets might be considered as tangible property, Homann has persuaded the court that for purposes of claiming a bankruptcy exemption the court should classify football tickets as intangible assets under Indiana law. The court remains unconvinced that football tickets are necessary for Anderson to benefit from her bankruptcy discharge and to enjoy a fresh financial start. Permitting Anderson to exempt football tickets would be an unwarranted extension of Indiana's exemption statute beyond its intended purpose.
Conclusion
The section of the Indiana Code cited by Anderson in claiming an exemption, § 34-55-10-2(c)(2), concerns tangible property. The court finds for purposes of claiming a bankruptcy exemption in Indiana, football tickets should be considered intangible personal property. Accordingly, the court SUSTAINS Homann's objection to Anderson's claimed tangible personal property exemption in Notre Dame football season tickets.
SO ORDERED.

As relevant to the issue before the court I.C. § 34-55-10-2(c)(2) reads as follows: ... (c) The following property of a debtor domiciled in Indiana is exempt: ... (2) Other real estate or tangible personal property of eight thousand dollars ($8,000).

I.C. § 34-55-10-2(c)(3) states "Intangible personal property, including choses in action, deposit accounts, and cash (but excluding debts owing and income owing), of three hundred dollars ($300)."

See Ind. Const. Art. 1, § 22 : "The privilege of the debtor to enjoy the necessary comforts of life , shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted; and there shall be no imprisonment for debt, except in case of fraud." (Emphasis supplied.)

Subsequent to the Oakley decision, the Indiana General Assembly raised the dollar amounts referenced by Judge Posner.

The court notes that the "value" of Notre Dame football tickets can be a nebulous concept. Irrespective of the face amount printed on the ticket, its "value" can and does change over time due to a variety of factors. See, e.g. , Anthony Schoettle, 'Off the hook' demand for Notre Dame-Georgia tickets pushes prices , Indianapolis Business Journal, Aug. 16, 2017, https://www.ibj.com/blogs/4-the-score/post/65028-off-the-hook-demand-for-notre-dame-georgia-tickets-pushes-prices?utm_source=ibj-daily& utm_medium=newsletter& utm_content=the-score& utm_campaign=2017-08-16 (Last visited Aug. 16, 2017).

As Homann notes in her Response in Opposition to Debtor's Claimed Exemptions [ECF no. 41], Notre Dame defines its tickets as revocable licenses. See also http://footballtickets.nd.edu/faq/ (Last visited Aug. 16, 2017).

Unless that scrap of paper is one of J.S.G. Boggs' hand-drawn depictions of a bank note. See Jonathon Keats, J.S.G. Boggs' Counterfeit Money Is Worth More Than The Real Thing. Are You Buying It? , Forbes, Jan. 18, 2013, https://www.forbes.com/sites/jonathonkeats/2013/01/18/j-s-g-boggs-counterfeit-money-is-worth-more-than-the-real-thing-are-you-buying-it-book-excerpt-2/#5988383a4038 (Last visited Aug. 16, 2017). See also Boggs v. Bowron , 842 F.Supp. 542 (D. D.C. 1993).